Mary F. Prevost (SBN157782)
Attorney At Law
402 West Broadway, Suite 950
San Diego, California 92101
Tel: (619) 692-9001
Fax: (619) 255-0726
Email: Mfprevost@aol.com

Attorney for Plaintiff

FILED
2012 AUG -7  AM 10: 13
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SENNETT DEVERMONT,

    Plaintiffs,

v.

CITY OF SANTA MONICA, CHIEF TIM JACKMAN, OFFICER KOBY ARNOLD ID#3347, and DOES 1-10, inclusive,

    Defendants.

No. CV12-6772 -DDP (MRWx)

**COMPLAINT FOR DAMAGES**

1. Violation of Civil Rights (42 U.S.C. §1983)
2. *Monell* Claim (42 U.S.C. §1983)

**DEMAND FOR JURY TRIAL**

## JURISDICTION

Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4). This action at law for money damages arises under Title 42 U.S.C. Section 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. At all times herein mentioned, Plaintiff SENNETT DEVERMONT was a resident of the County of San Diego, California.

2. At all times herein mentioned, Defendants Officer Koby Arnold ID#3347, individually and as a peace officer and Does 1-10 were and are employees of the City of Santa Monica and the Santa Monica Police Department.

3. Defendant City of Santa Monica, (hereinafter referred to as "City") is and at all times herein mentioned has been a public entity and an incorporated county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Santa Monica Police Department, and particularly said Department's Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices, customs and usages.

4. Defendant Chief Tim Jackman was the Chief of Police at the time of Plaintiff's arrest, and an agent of Defendant City of Santa Monica. Plaintiff is informed and believes and based upon that alleges that Defendant Jackman was responsible for implementing, maintaining, sanctioning, or condoning policies, practices, and customs, under which the other Defendants committed illegal or wrongful acts that are complained of in this lawsuit. By reason of these policies, practices, and customs, Defendant Jackman is liable for the damages that resulted.

5. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated as a DOE is intentionally responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of Does 1 through 10, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names and will be added to this

action as provided by California Code of Civil Procedure Section 484.

6. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

7. The incident complained of began in the City of Santa Monica on December 23, 2011 when Defendant Arnold pulled Plaintiff over at the intersection of Bundy Drive and Santa Monica Boulevard for allegedly turning right on a street marked "No Right on Red."

8. Defendant Arnold approached Plaintiff and upon contact as Plaintiff was still seated in his car began performing a "horizontal gaze nystagmus" test on him. Plaintiff told Defendant Arnold he did not have to complete these test. Defendant Arnold said he was required to complete the test. Plaintiff continued to decline to take the test.

9. Defendant Arnold ordered Plaintiff out of his car, handcuffed him, and told him he was being arrested for refusing to take the field coordination tests and refusing the answer the officer's questions. The handcuffs were not double cuffed, causing cuts and bruises. Defendant Arnold refused Plaintiff's request to loosen the handcuffs.

10. Plaintiff requested that Defendant Arnold leave his car parked so that he could call a family member to retrieve it and his two dogs who were sitting inside. Defendant Arnold declined, handcuffed Plaintiff, had his car towed, and had animal control come and seize Plaintiff's two dogs.

11. Defendant Arnold had Plaintiff taken to the Santa Monica Emergency Hospital where he ordered that Plaintiff's blood be seized for evidence. Plaintiff was then taken to the Santa Monica City Jail, where he was booked into jail.

12. Plaintiff contacted a lawyer who arrived at the Santa Monica City Jail to consult with him. Officers at the jail declined to allow Plaintiff to speak to or meet with his lawyer.

13. Plaintiff was released at 7 a.m. Christmas Eve morning. He was charged with a violation of Vehicle Code §23152 ("DUI"). When Plaintiff's blood tested, it registered a .00 blood alcohol level. The City Attorney declined to press charges against Plaintiff.

14. Upon being informed of Plaintiff's accusations against Defendant Arnold, an administrative investigation was commenced. Said failure to carry out the complaint investigation violated Santa Monica Police Department official regulations and California Penal Code section 832.5 and was not conducted so to exonerate Defendant Arnold and DOES 1-10 from all wrongdoing notwithstanding the fact that Arnold and DOES 1-10 had violated the law, department policy and the plaintiffs constitutional rights.

## FIRST CAUSE OF ACTION
## (42 U.S.C. § 1983 VIOLATION OF CIVIL RIGHTS - EXCESSIVE FORCE, FALSE ARREST, RETALIATION FOR EXERCISING FIRST AMENDMENT RIGHTS, VIOLATION OF SIXTH AMENDMENT RIGHT TO COUNSEL)
### (By Plaintiff Against All Individual Defendants)

15. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 14 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

16. This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

17. Commencing at or about the aforementioned dates and places, without cause or justification, and acting under color of law, Defendant Arnold, and Does 1-10, and each of them, intentionally and maliciously deprived Plaintiff

of rights secured to him by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Defendants subjected plaintiff to excessive and unreasonable force and to an unlawful arrest and booking, falsified reports to justify the unlawful uses of force, illegal detentions and arrest of the plaintiff and thereby deprive plaintiff of rights secured to him by the federal constitution.

18. Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of his rights against retaliation for exercising his First Amendment rights, unreasonable searches and seizures, due process, by participating in a corrupt effort to conceal the violation of Plaintiff's rights with manufactured facts supported by defendants.

19. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained physical and mental pain and shock to his nervous systems, fear, anxiety, torment, fines, degradation and emotional distress.

20. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, wilfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant CITY) in an amount as proved.

## SECOND CAUSE OF ACTION
## (UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983)
## (By Plaintiff Against Defendant City and Chief Jackman)

21. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 20 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

22. Defendant City is and at all times herein mentioned has been a

public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City is possessed of the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Diego Police Department and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

23. At all times herein mentioned, Defendants Arnold and Does 1-10, and each of them, were employees of the City of Santa Monica and Santa Monica Police Department acting under the City's and Chief Jackman's direction and control, knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned encouraged (1) the employment, deployment and retention of persons as peace officers who have a propensity for brutality, dishonesty, bigotry, and numerous other serious abuses of their duties as peace officers in the employment of the city.

24. Defendant City knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to fairly and impartially investigate, discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence, each ratified and approved by the City.

25. The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by defendant City include, but are not limited to:

(1) Defendant City had knowledge, prior to and since this incident, of repeated allegations of abuse and assaultive misconduct

toward detainees and arrestees; Specifically, City knew Defendant Arnold and other officers had committed numerous violations of the law under color of law and demonstrated Arnold's unfitness for employment as a peace officer but refused to protect public safety and that of the Plaintiff by failing to discharge and prosecute Arnold and Does 1-10. City knew Santa Monica PD officers including Arnold, and Does 1-10 and others had in the past and since Plaintiff's incident, committed similar acts of official dishonesty, corruption and abuse of persons similarly situated to the plaintiffs;

(2) Defendant City had knowledge, prior to and since this incident, of similar allegations of abuse and dishonesty by Defendants, and refused to enforce established administrative procedures to insure the safety of detainees and arrestees;

(3) Defendant City refused to adequately discipline individual officers and employees found to have committed similar acts of abuse and misconduct;

(4) Defendant City refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by Santa Monica Police Department officers;

(5) Defendant City reprimanded, threatened, intimidated, demoted and fired officers who reported acts of abuse by other officers;

(6) Defendant City covered up acts of misconduct and abuse by Santa Monica Police Department officers and sanctioned a code of silence by and among officers;

(7) Defendant City knew of and sanctioned the custom and practice of falsely arresting, booking and charging victims of officer physical abuse with violations of California Penal Code Sections 69,

243, 245, 148., 415, 647(f), and Vehicle Code section 23152.

(8) Defendant City failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations with respect to uses of force;

(9) Defendant City failed to adequately supervise the actions of officers under their control and guidance;

(10) Defendant City condoned and participated in the practice of prosecuting groundless criminal charges for the purpose of insulating the City of Santa Monica and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for releasing them from civil liability;

(11) Defendant City condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct by its employees;

(12) Defendant City engages in the custom and practice of refusing to provide public prosecutors and criminal defendants exculpatory and impeaching evidence as required by law.

(13) Defendant City fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by July 1, 2011 and thereafter, represented the unconstitutional policies, practices and customs of the City and San Diego Police Department.

(14) Defendant City encouraged officers during DUI stops to threatened citizens with arrest if the citizens insisted on enforcing their rights not to speak with officers or perform field coordination tests.

(15) Defendant City took no action against Defendant Arnold for the assault, battery and false imprisonment of Paul Burke that caused city to pay the victim $99,000 after the victim filed a federal civil rights case, Case

Number 09CV2259.

26. By reason of the aforesaid policies, customs, practices and usages, plaintiffs First, Fourth, and Fourteenth Amendments to the United States Constitution were violated.

## PRAYER

WHEREFORE, Plaintiffs pray judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;
2. For Special damages according to proof;
3. For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;
4. For attorney's fees pursuant to 42 U.S.C § 1988 and California Civil Code §§52, and 52.1;
5. For Costs of suit;
6. For such other and further relief as the Court may deem proper.

DATED: July 20, 2012        **MARY F. PREVOST**


By:  Mary Frances Prevost
     Attorneys for Plaintiff
     SENNETT DEVERMONT

<u>PLAINTIFFS JURY DEMAND</u>

Plaintiffs hereby demands a trial by jury.

DATED: July 20, 2012         **MARY F. PREVOST**

By:    Mary Frances Prevost
        Attorney for Plaintiffs
        SENNETT DEVERMONT